**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOC IP LLC, a California Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>Sarah Town, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | **Case No. 2:26-cv-09166-JFW-E**<br><br>**STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>Complaint Filed: August 17, 2026 |

**STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT**

IT IS STIPULATED AND AGREED by Plaintiff SOC IP LLC, by and through its counsel, and Defendant Sarah Town aka Sarah Town Huvard, by and through her counsel, in connection with the resolution of the matters at issue in this action, Plaintiff and Defendant consent to the entry of this Stipulated Permanent Injunction and Final Judgment ("Stipulated Injunction"). Plaintiff and Defendant are collectively referred to as the "Parties."

**1. Stipulations and Findings.**

A. This Stipulated Injunction is being entered consistent with the agreements and stipulations of the Parties. The Parties stipulate, and the Court finds based on such stipulation, that this Court has jurisdiction over the subject matter of this action and over the Parties for the purposes of the entry of this Stipulated Injunction, that venue is proper, and that all substantive and procedural prerequisites to the entry of this Stipulated Injunction, as well as its enforceability under and/or compliance with the Federal Rules of Civil Procedure, have been met and/or are being waived by the Parties.

B. The Court finds that the limited restrictions set forth in this Stipulated Injunction are reasonable in time and scope; necessary for the prevention of irreparable harm to Plaintiff in light of the allegations made in this action; will not unduly harm Defendant; and are not injurious to the public interest.

C. The entry of this Stipulated Injunction resolves all claims for monetary damages, injunctive relief, or other relief, whether at law or in equity of any nature whatsoever, that were or could have been asserted in this matter between the Parties; except however, that nothing in this Stipulated Injunction is intended to or shall be deemed to release any claim arising from any breach of or false representation in Defendant's Representations set forth below and in Defendant's Declaration attached hereto as Exhibit 1, including but not limited to

claims for misrepresentation and copyright infringement. Any claim for breach of or to enforce this Stipulation Injunction also is not released and is expressly reserved.

D. The Parties stipulate that this Stipulated Injunction may be entered without Findings of Fact and Conclusions of Law and waive all rights to request such findings or conclusions.

2. **<u>Defendant's Representations</u>.**

Defendant makes the following representations, as set forth in the Declaration of Sarah Town Huvard attached hereto as Exhibit 1:

A. Defendant used the subject copyrighted work, Plaintiff SOC IP LLC's copyrighted work known as "Sullivan on Comp" as defined in the First Amended Complaint in this action (the "Work") solely for content for her personal educational purposes, not an attempt to download, distribute, or commercially exploit any of the Work;

B. Defendant used the Work by manually skimming chapters and sections and navigated the treatise extensively, trying to focus on the material most relevant;

C. Defendant often had many browser tabs open at once and frequently revisited tables of contents and section headings to maintain an overview of the information;

D. Defendant clicked quickly and more often skipped over entire sections of material that was too advanced or outside her immediate interest;

E. Defendant watched videos at 2x speed using the available playback feature, again prioritizing the videos she deemed most relevant to her interests and practice level. She opened many videos in separate browser tabs in preparation for viewing in sequence. Most of those auto-played, simultaneously, muted, without being watched;

F. Defendant did not go back to watch most of the videos that auto-

played because she simply ran out of time. Defendant never recorded or downloaded any of the Work;

G. Defendant only downloaded CLE certificates, which appear to have automatically generated upon video completion, whether the video was watched or not. She did not use or submit the certificates for any purpose. She had already completed her California State Bar continuing education requirements for the current reporting period; and,

H. Defendant did not download or otherwise retain, and does not possess, any of the Work. Defendant did not share or distribute any of the Work to any third party. Defendant did not use any automated processes or devices to access or download any of the Work and did not use any of the Work to create any database/ AI model or the like.

**3. Injunctive Relief.**

Based upon the stipulations and representations of the Parties as well as the findings here, the Court is of the opinion and finds that this Stipulated Injunction should be entered. It is therefore:

A. **ORDERED** that Defendant, and anyone acting in concert with her, is permanently restrained and enjoined from infringing any of the Work and from downloading, copying, or otherwise retaining any of the Work.

B. **ORDERED** that Defendant, and anyone acting in concert with her, is permanently restrained and enjoined from using any of the Work to create or contribute to any database or AI model, and from sharing or distributing all or any portion of the Work to any third party.

**4. Bond.**

The Parties stipulate that no bond shall be required from Plaintiff in connection with the entry of this Stipulated Injunction, and that this Stipulated Injunction shall have the full force and effect as if a bond had been posted.

**5. Retention of Jurisdiction.**

The Parties may apply to this District Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of this Stipulated Permanent Injunction and Final Judgment or any of its provisions, or for the enforcement of compliance therewith and the punishment of violations thereof.

**6. Final Judgment.**

Plaintiff is awarded $2,000 in damages, to be paid within ten (10) days of entry of this Stipulated Permanent Injunction and Final Judgment. Each party will bear their own attorneys' fees, costs and expenses.

Dated: 11/24/2026

Hon. John F. Walter
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**Declaration of Sarah Town Huvard**

I, Sarah Town Huvard, declare as follows:

1. I am the Defendant in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.
2. I used the subject copyrighted work, Plaintiff SOC IP LLC's copyrighted work known as "Sullivan on Comp" as defined in the First Amended Complaint in this action (the "Work") solely for content for my personal educational purposes, not an attempt to download, distribute, or commercially exploit any of the Work;
3. I used the Work by manually skimming chapters and sections and navigated the treatise extensively, trying to focus on the material most relevant;
4. I often had many browser tabs open at once and frequently revisited tables of contents and section headings to maintain an overview of the information;
5. I clicked quickly and more often skipped over entire sections of material that was too advanced or outside my immediate interest;
6. I watched videos at 2x speed using the available playback feature, again prioritizing the videos I deemed most relevant to my interests and practice level. I opened many videos in separate browser tabs in preparation for viewing in sequence. Most of those auto-played, simultaneously, muted, without being watched;
7. I did not go back to watch most of the videos that auto-played because I simply ran out of time. I never recorded or downloaded any of the Work;
8. I only downloaded CLE certificates, which appear to have automatically generated upon video completion, whether the video was watched or not. I did not use or submit the certificates for any purpose. I had already

completed my California State Bar continuing education requirements for the current reporting period; and,

9. I did not download or otherwise retain, and do not possess, any of the Work. I did not share or distribute any of the Work to any third party. I did not use any automated processes or devices to access or download any of the Work and did not use any of the Work to create any database/AI model or the like.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed November 13, 2026 in Ventura, California.

Sarah Town Huvard

Sarah Town Huvard